# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ROBERT NORMAN DOYLE, )
)
    Petitioner, )
)
v. ) Case No. CV608-060
)
DENNIS BROWN, WARDEN, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, a Georgia state prisoner currently incarcerated at Scott State Prison in Hardwick, Georgia, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondent has moved to dismiss the petition as having been untimely filed. (Doc. 7.) For the reasons explained below, respondent's motion should be **GRANTED** and the petition should be **DISMISSED**.

## I. BACKGROUND

Petitioner entered a negotiated plea of guilty in the Candler County Superior Court to two counts of selling counterfeit drugs. (Doc. 1 at 3;

Doc. 7, Br. at 1.) On March 31, 2006, he was sentenced to concurrent ten-year terms of imprisonment for each count. (Doc. 1 at 3; Doc. 7, Br. at 1.) Petitioner did not appeal his conviction. (Doc. 1 at 3.) He did, however, file a petition for a writ of habeas corpus in state court on April 24, 2007. (Doc. 7, Br. at 1.) That petition was denied on February 15, 2008. (Doc. 1 at 4.) He did not file for a certificate of probable cause to appeal the state habeas court's decision.[1] (Id.)

## II. ANALYSIS

The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. See 28 U.S.C. § 2244(d). Of the four occurrences listed in § 2244(d)(1) as sufficient to start the limitations period, the only one applicable here is "the date on which the judgment became final by the

---

[1] Petitioner alleges that he did not appeal the state habeas court's decision because the state did not notify him that the time period to appeal had elapsed while he was hospitalized in Augusta. (Doc. 1 at 4.) However, he does not contend that his hospitalization prevented him from timely filing his federal petition.

2

conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). In Georgia, "a notice of appeal shall be filed within 30 days after entry of appealable decision or judgment complained of." O.C.G.A. § 5-6-38. In other words, the time for seeking direct review expires thirty days after the entry of judgment. Accordingly, petitioner's one-year limitation period began to run on May 1, 2006, thirty days after his March 31, 2006 conviction.[2]

Petitioner filed a state habeas action on April 24, 2007, which was 358 days after his conviction became final, (Resp't's Ex. 1 at 5.), leaving one week remaining on the AEDPA limitations clock. The filing of the state habeas action tolled the one-year AEDPA limitations period until February 15, 2008, the date the state habeas petition was denied.[3] (Resp't's Ex. 2 at 9.) The present petition was not filed until July 16,

---

[2] The thirtieth day after the conviction fell Sunday April 30, 2006. Accordingly, petitioner had until the following Monday to appeal.

[3] Although the filing of a state habeas action tolls the one-year limitations period, 28 U.S.C. § 2244(d)(2), it does not reset the limitations period. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). Consequently, the 358-day delay in filing the initial state habeas petition is counted in determining petitioner's compliance with AEDPA's one-year limitations period.

3

2008, 152 days after the state habeas proceedings concluded. (Doc. 1 at 8.) Thus, counting both the non-tolled days before and after petitioner sought state habeas relief, over 500 days elapsed before his federal petition was filed. Consequently, it was filed outside of AEDPA's 365-day limitations period.

In petitioner's "traverse" to respondent's motion to dismiss, he appears to argue that equitable tolling should mitigate the AEDPA limitations period. (Doc. 9.) The AEDPA period of limitation may be subject to equitable tolling only in cases "when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Downs v. McNeil, 520 F.3d 1311, 1319 (11th Cir. 2008) (quoting Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)). The petitioner, who bears the burden of establishing equitable tolling, must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Johnson v. Fla. Dep't of Corrs., 513 F.3d 1328, 1333 (11th Cir. 2008) (quoting Lawrence v. Florida, 127 S. Ct.

4

1079, 1085 (2007)).

Here, during the seven-and-a-half months between the state habeas court's hearing and its decision, petitioner could have spent his time preparing his federal petition. Had he filed it immediately after the state habeas court entered its decision, it would have been timely, as petitioner still had seven days remaining under the AEDPA limitations period. Rather than pursuing this course of action, petitioner waited five months after the state habeas proceedings terminated to submit his federal petition. Accordingly, petitioner did not diligently pursue his rights and has failed to demonstrate that he qualifies for equitable tolling.[4]

## III. CONCLUSION

For all of the reasons explained above, respondent's motion to dismiss the petition as untimely should be **GRANTED** and this § 2254

---

[4.] In his "traverse," petitioner alleges that the state sentencing court failed to notify him of his right to appeal and made it difficult for him to obtain his plea and sentencing transcripts. (Doc. 9.) He indicates that these problems made it difficult for him to file his state habeas petition. (Id.) As noted above, petitioner had a few days remaining after the state habeas proceedings terminated in which he could have filed his federal petition. The state court's alleged errors and delays certainly did not prevent him from filing his federal petition inside that window.

petition should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED** this 18th day of September, 2008.

/s/ G.R. Smitt

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA